No. 357.—Ann J. Havard and Husband v. Mary B. Atkins and Husband.

A patent that has been issued by the Governor of Louisiana through error, for public lands within the State, can not be made the basis of an action of slander of title against the · ˮ owner, who holds the same land under an entry previously made at the land office of the United States.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins*, J. *J. D. Watkins*, for paintiffs and appellees. *J. R. Griffin*, for defendants and appellants.

Howe, J. This is an action of slander of title, the plaintiffs alleging: and proving possession of and legal right to the land, and the defendants justifying under the plea of a title superior to plaintiffs'.

The defendants therefore necessarily occupy the position of plaintiffs in a petitory action, because they are not in possession, but set up a. title superior to that of the persons in possession.

The cause was tried by a jury, and a verdict having been rendered for plaintiffs, and a judgment given accordingly, the defendants appealed.

The defendants, on whom the onus rested under the circumstances. of this case, claimed title in virtue of a patent not produced, but admitted to have been issued by the Governor of Louisiana in 1861.

It was claimed on the other hand by plaintiff, and we think with· force, that this patent was issued in evident error. The land in dispute was entered by John M. Fuller in November, 1852, as swamp lands donated by the United States, and John M. Fuller took posses-- sion, and by his will donated the same to the plaintiff Ann J. Havard. This entry was never canceled, and we can only conjecture that the patent was issued by mistake, perhaps in the confusion of the late war. Kittredge v. Breaud, 4. Rob. 79.

We see no force in the objections of defendants to testimony offered by plaintiffs. The sworn and examined copy of the certificate of Ful-- ler's entry annexed to the testimony of the officer who had the custody of the records, was properly admitted, and was quite as good as a cer-- tified copy, if not better. It was not an attempt to prove title by · parol; nor was it the introduction of secondary evidence without accounting for the original.

The record of suit of Atkins *v.* Fuller was not improperly admitted. The parties were the same in the legal sense, and though the object of the suit was not the same, the documentary evidence showed that Atkins was advised of Fuller's prior rights to the land in question in this case as early as 1855, and must have concealed the fact when he obtained the patent. 4 Rob. 83. In connection also with oral testimony, it went to show possession by plaintiffs—an important fact in an action of jactitation.

On the whole we conclude that the verdict was not manifestly erroneous.

Judgment affirmed.